RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 12/23/13
    JDB

a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| WILLIAM KINSEY #53547-004 | DOCKET NO. 13-CV-572; SEC. P |
| VERSUS | JUDGE DRELL |
| UNITED STATES OF AMERICA | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

*Pro se* Petitioner, William Kinsey filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2241 on March 11, 2013. His petition remained deficient until his filing fee of five dollars was paid on October 4, 2013. Kinsey is an inmate in the custody of the Federal Bureau of Prisons (BOP); he is incarcerated at the Federal Correctional Institution in Pollock, Louisiana. He complains about the manner in which the BOP is executing his sentence through the collection of his money to pay his criminal restitution.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

#### *Factual Background*

According to Petitioner, on June 29, 2000, he was sentenced to a total term of imprisonment of 137 years, followed by 8 years of supervised release, as well as $13,558.00 in restitution to be paid immediately. He states that, at the sentencing hearing, the district court did not address on the record the schedule and

manner in which restitution must be paid. [Doc. #1-2, p.2] Kinsey alleges that the BOP does not have the authority to set the schedule of payments of Petitioner's court-ordered restitution, and that his restitution payments should not begin until he is released on supervised release.[1]

Petitioner submitted a copy of the judgment - page 6, "Schedule of Payments," which provides that payment of the total criminal penalties shall be due in full immediately. [Doc. #1-3, p.9]

### Law and Analysis

Petitioner challenges the restitution payment schedule set by the BOP; specifically, he claims that restitution is not payable until he is on supervised release. Challenges to a restitution payment schedule set by the BOP are properly raised in a §2241 habeas petition because they are challenges to a BOP administrative program and not to any action by the district court. See Hickman v. Keffer, 498 Fed.Appx. 375 (5th Cir. 2012)(unpublished)(citing United

---

[1] In the Southern District of Florida, Docket No. 9:99-cr-8078, Petitioner filed a "motion for clarification" of his sentence, arguing that the judgment of conviction did not clearly indicate that his restitution payments were to begin while he was incarcerated. The district court characterized the motion as a successive motion to vacate pursuant to 28 U.S.C. §2255 and dismissed the claim. On appeal, the Eleventh Circuit held that the motion did not fall within the ambit of Section 2255; rather it was an attack on the BOP's execution of his sentence under Section 2241. U.S. v. Kinsey, 393 Fed.Appx. 663 (11th Cir. 2010). The Court went on to find that the Southern District of Florida was not the proper venue, as Kinsey was not incarcerated within that district. The case was remanded for dismissal or transfer. Id. On remand, the district court dismissed finding that nothing precluded Kinsey from seeking relief in the district court encompassing the place of his incarceration.

States v. Diggs, 578 F.3d 318, 319-20 (5th Cir. 2009).

Petitioner cites 18 U.S.C. §3663 in support of his contention. Title 18 U.S.C. §§ 3663-3664 is known as the Victim and Witness Protection Act of 1982 (VWPA). The Act provides various factors that the Court can consider in deciding whether to order restitution. The Act also allows the court to consider material changes in a defendant's economic circumstances that might affect his ability to pay restitution. Section 3663A provides that "notwithstanding any other provision of law, when sentencing a defendant convicted of an offense described in subsection (c), the court **shall** order, in addition to, or in the case of a misdemeanor, in addition to or in lieu of, any other penalty authorized by law, that the defendant **make restitution** to the victim of the offense or, if the victim is deceased, to the victim's estate." (Emphasis added).

The IFRP encourages inmates to develop a plan to meet various financial obligations, including orders of restitution. See 28 C.F.R. §§ 545.10-545.11. Non-participation in the program can lead to the loss of some privileges, including, *inter alia*, limitations on inmate pay, work and housing restrictions, and eligibility for community-based programs. Id. at §545.11(d). The BOP has the authority to create a financial plan for an inmate through the IFRP and to impose penalties if the inmate fails to accept its terms. See Hickman, supra; United States v. Lemoine, 546 F.33 1042, 1046

(9th Cir. 2008). Under the IFRP, "unit staff" develop a financial plan for each inmate and monitor his or her progress in adhering to that plan. 28 C.F.R. §545.11. In doing so, they conduct an independent assessment of an inmate's ability to pay by reviewing their financial obligations and all available documentation. <u>Id.</u> at §545.11(a). The BOP may obtain payments from funds earned through prison employment as well as from funds received from outside sources, such as money sent by relatives. <u>Id.</u> at §545.11(b).

Other inmates have unsuccessfully argued that the BOP and/or IFRP violate 18 U.S.C. §§3572 and 3664 by usurping the core judicial function of setting the amount and schedule of restitution payments. It is well-settled that the IFRP serves the legitimate penological interest of rehabilitation, and it has been upheld against constitutional attack. <u>See</u> <u>Mitchell v. U.S.</u>, 211 F.3d 125 (5th Cir. 2000)(Table); <u>citing</u> <u>McGhee v. Clark</u>, 166 F.3d 884, 886 (7th Cir. 1999).

Moreover, the practical application of Petitioner's interpretation of the law would result in Kinsey never paying the court-ordered restitution. According to the BOP, Petitioner is forty-eight years of age. His actual or projected release date at this time is August 28, 2119, 103 years from now. Based on the current projection, Petitioner will not be released in his lifetime. Thus, Petitioner's argument essentially absolves him from payment of restitution. It would be the opposite of "justice"

4

to construe the judgment in the manner suggested by Kinsey. See Hickman v. Keffer, 498 Fed.Appx. at 379. Thus, pursuant to the above-cited authorities, the BOP had the authority to foster payment of Kinsey's restitution through the IFRP.

The Court has given Petitioner's application preliminary consideration pursuant to 28 U.S.C. § 2243[2] and Rule 4 of the Rules Governing §2254 Cases in the United States District Courts,[3] which is applicable to §2241 petitions under Rule 1(b).[4] According to Rule 4, a district court may dismiss an application for habeas corpus relief "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."[5] Such is the case in the captioned matter.

Accordingly, **IT IS RECOMMENDED** that Petitioner's 2241 petition be **DENIED and DISMISSED WITH PREJUDICE**.

### *Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific,

---

[2] 28 U.S.C. § 2243 (West 2010) ("A court ... entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.").

[3] 28 U.S.C. § 2254 PROC. R. 4 (West 2010).

[4] See id. at PROC. R. 1(b) ("The district court may apply any or all of these rules to a habeas petition not covered by Rule 1(a).").

[5] Id. at PROC. R. 4.

written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.**

THUS DONE AND SIGNED, in Alexandria, Louisiana, this ___ day of December, 2013.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE